

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-14-2009

# George Vasilopoulos v. Krovatin Klingman LLC

Precedential or Non-Precedential: Non-Precedential

Docket No. 09-1312

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"George Vasilopoulos v. Krovatin Klingman LLC" (2009). *2009 Decisions.* Paper 447.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/447

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

CLD-279                                   **NOT PRECEDENTIAL**

**UNITED STATES COURT OF APPEALS**
**FOR THE THIRD CIRCUIT**
_____

NO. 09-1312
_____

GEORGE S. VASILOPOULOS,

                                                          Appellant

v.

KROVATIN KLINGMAN LLC; ANNA G. COMINSKY

_____

On Appeal From the United States District Court
For the District of New Jersey
(D.N.J. Civ. No. 09-cv-00073)
District Judge: Joseph A. Greenaway, Jr.

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
August 6, 2009
Before:   RENDELL, HARDIMAN AND ROTH, Circuit Judges

(Opinion filed: October 14, 2009)

_____

OPINION
_____

PER CURIAM

    George Vasilopoulos appeals pro se from the District Court's order dismissing his

complaint.  Because we conclude that this appeal lacks arguable merit, we will dismiss it

pursuant to 28 U.S.C. § 1915(e)(2)(B).

Vasilopoulos filed an application to proceed in forma pauperis and a complaint[1] against Krovatin Klingman, LLC and Anna Cominsky, an attorney with that law firm ("appellees"). He alleges that appellees placed "a notice in the complaint of a different accusation," stating that Vasilopoulos was "obsess[ed] with" certain children and that he is gay. Vasilopoulos alleges that appellees' actions led to his prosecution for child abuse. The sole relief he seeks is monetary damages in the amount of $5,000,000.

The District Court granted Vasilopoulos leave to proceed in forma pauperis, then dismissed his complaint and his first amended complaint without prejudice for lack of subject matter jurisdiction. Reading the complaints broadly in accordance with Haines v. Kerner, 404 U.S. 519, 520-21 (1972), the District Court determined that Vasilopoulos intended to bring a civil action for slander and defamation. The District Court concluded that it lacked subject matter jurisdiction, given that Vasilopoulos alleged no violation of a federal statute, and there was no diversity of citizenship. The District Court also reviewed Vasilopoulos' second amended complaint to determine whether he could state a claim pursuant to 42 U.S.C. § 1983, but concluded that Vasilopoulos had failed to state a claim upon which relief could be granted. The District Court later denied Vasilopoulos' motion for reconsideration.

Vasilopoulos appealed, and we have jurisdiction pursuant to 28 U.S.C. § 1291.

---

[1]Vasilopoulos also filed two separate amended complaints on January 12, 2009 and January 14, 2009, respectively.

We granted Vasilopoulos in forma pauperis status, and we now review this appeal to determine whether it should be dismissed pursuant to § 1915(e)(2)(B).[2] An appeal is frivolous if it "lacks an arguable basis in either law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

We agree that the initial complaint and the first amended complaint fail to show a basis for subject matter jurisdiction. We also agree that the second amended complaint fails to state a claim for relief under § 1983. To establish a cause of action under section 1983, a litigant must show "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). Nothing in the second amended complaint would allow an inference that appellees acted under color of state law. See Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). Our independent review reveals that there is no arguable basis to challenge the District Court's ruling on appeal. Accordingly, this appeal will be dismissed.

---

[2]Vasilopoulos did not file an amended notice of appeal and we thus review only the order that dismissed his complaints.